IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MALERY BILLINGY, RICHARD CAMERON MARSHALL, and ZHANIA SIMON, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TOP GOLF USA ALPHARETTA, LLC, TOPGOLF PAYROLL SERVICES, LLC, and TOP GOLF USA INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

1. This complaint alleges Defendants Top Golf USA Alpharetta, LLC, Topgolf Payroll Services, LLC, and Top Golf USA Inc. ("Defendants" collectively) violated the Fair Labor Standards Act ("FLSA") by improperly claiming a tip credit against its obligations to pay Malery Billingy, Richard Cameron Marshall, Zhania Smith (the "Named Plaintiffs"), and other similarly situated individuals (collectively, "Plaintiffs") the statutory minimum wage. Because of their improper

-1-

use of the tip credit, Defendants failed to pay Plaintiffs the minimum wage rate mandated by the FLSA for all hours worked.

## SUMMARY OF THE ACTION

2.  Defendants classified Named Plaintiffs and other similarly situated employees as "tipped employees" and paid them subminimum wages while claiming a "tip credit" against their obligations to pay minimum wage.

3.  Defendants violated the FLSA's tip credit provisions by improperly requiring Plaintiffs to participate in a "tip pool" with employees who do not customarily and regularly receive tips ("non-tipped employees").

4.  Defendants further violated the FLSA's tip credit provisions by failing to adequately inform Plaintiffs of the provisions of FLSA § 3(m)(2)(A), *codified at* 29 U.S.C.A. § 203(m)(2)(A).

5.  Defendants continued to claim the tip credit despite their violations of the FLSA's tip credit provisions barring them from doing so. As a result, Defendants violated the FLSA when they failed to pay Plaintiffs the federally mandated minimum wage for all hours worked

6.  Defendants also violated the FLSA by paying Plaintiffs the subminimum wage for hours the Plaintiffs spent performing non-tipped work that was unrelated to their tipped work.

7. Plaintiffs bring this case as a collective action under the FLSA § 216(b) on behalf of themselves and similarly situated individuals who consent to join the action.

8. Plaintiffs seek to represent a collective of all current and former servers and server shift leads who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present who consent to join the action.

### FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS FLSA CLAIMS

*Subject Matter Jurisdiction and Venue*

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et. seq*.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district.

*The Parties and Personal Jurisdiction*

11. Defendants employed Malery Billingy as a server and server shift lead for at least one week in the three years preceding the filing of this action.

12. Defendants employed Richard Cameron Marshall as a server for at least one week in the three years preceding the filing of this action. His written consent to this action is attached as **Exhibit A**.

13. Defendants employed Zhania Simon as a server for at least one week in the three years preceding the filing of this action. Her written consent to this action is attached as **Exhibit B**.

14. Billingy, Marshall, and Simon were all employed by Defendants at the Topgolf location at 10900 Westside Pkwy, Alpharetta, GA 30009.

15. The putative collective employee class consists of all current and former servers and server shift leads who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present.

16. Defendant TopGolf Alpharetta, LLC is a foreign limited liability company doing business in Georgia. Said Defendant may be served with process by serving its registered agent: CT Corporation System located at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

17. Defendant TopGolf Payroll Services, LLC is a foreign limited liability company doing business in Georgia. Said Defendant may be served with process by serving its registered agent: CT Corporation System located at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

18. Defendant Top Golf USA Inc. is a foreign profit corporation doing business in Georgia. Said Defendant may be served with process by serving its registered agent: National Registered Agents, Inc. located at 289 S. Culver St., Lawrenceville, GA, 30046-4805, USA

19. Personal jurisdiction exists over Defendants because they have sufficient minimum contacts with the state of Georgia to confer personal jurisdiction.

20. Defendants conduct business throughout Georgia, are registered to do business in Georgia, and maintain registered agents in Georgia. Defendants contract with and employ Georgia residents, have Georgia customers, market to residents of Georgia, and own real property in Georgia.

## **COVERAGE**

21. At all material times, Defendants have been Plaintiffs' employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

22. Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.

23. Defendants have yearly gross revenue in excess of $500,000.00.

24. Defendants have been engaged in commerce or the production of goods for commerce.

25. Defendants have operated as a "single enterprise" within the meaning of 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose.

26. Defendants operate a nationwide chain of locations sharing the trade name "Topgolf" which are under the control of the same senior-level management and corporate officers.

27. Defendants hold themselves out to the public as one entity operating multiple locations to provide identical or nearly identical services.

28. Defendants share employees and employment policies, including policies related to the payment of employee wages; have a common management; pool their resources; operate from the same headquarters; have common ownership; and use the same tradename and other trademarks.

29. Defendants operate under a unified business model which includes shared employment policies and practices.

30. Defendants' shared employment policies under their unified business model include the wage payment and tip credit policies and practices giving rise to the FLSA violations alleged in this Complaint.

31. Defendants form a "single enterprise" for the purposes of the FLSA.

32. Defendants employed the Plaintiffs as employees of their single enterprise.

*Defendants Employ Plaintiffs as Tipped Employees.*

33. Defendants operate a nationwide chain of sports entertainment centers under the trade name "Topgolf."

34. At Defendants' entertainment centers, Defendants' customers are seated at "bays" which hold groups of customers that participate in the various sports entertainment activities.

35. Defendants provide food and drink service to customers.

36. Defendants employ numerous individuals in food service roles at each Topgolf location, including servers, server shift leads, drink runners, and food runners.

37. Defendants employ servers to gather orders from customers, deliver food and drinks to the customers, and respond to other service requests.

38. Servers customarily and regularly receive tips from Defendants' customers.

39. The servers employed by Defendants are tipped employees.

40. Defendants pay servers a direct subminimum wage of $2.13 per hour except where state and/or local laws require the payment of a higher direct wage.

41. Defendants pay servers at the Alpharetta Topgolf location a direct subminimum wage of $2.13 per hour

42. Defendants employ some experienced servers as "server shift leads."

43. Server shift leads perform the same duties as servers but are paid a direct subminimum wage of $6.00 per hour except where state and/or local laws require the payment of a higher direct wage.

44. Defendants pay server shift leads at the Alpharetta Topgolf location a direct subminimum wage of $6.00 per hour

45. Defendants claim a tip credit against their obligations to pay servers and server shift leads the federal minimum wage.

46. Defendants employed Billingy as a server and server shift lead at Defendants' Alpharetta location.

47. Defendants employed Billingy from approximately May 2019 to on or around May 11, 2024.

48. Defendants employed Simon as a server at Defendants' Alpharetta location.

49. Defendants employed Simon from approximately 2020 to April 2023.

50. Defendants employed Marshall as a server at Defendants' Alpharetta location.

51. Defendants employed Marshall from approximately 2020 to 2022.

*Defendants Fail to Provide Tipped Employees with Legally Sufficient Notice of the Tip Credit.*

52. To be entitled to take the tip credit, Defendants must provide its employees with advance, legally sufficient notice of the FLSA's tip credit provisions and regulations.

53. Defendants failed to inform Plaintiffs the amount Defendants claim as a tip credit against the federal minimum wage.

54. Defendants failed to inform Plaintiffs the tip credit claimed by Defendants cannot exceed the amount of tips received by Plaintiffs.

55. Defendants failed to inform Plaintiffs that all tips received by Plaintiffs must be retained by them, except for tips contributed to a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

56. Defendants failed to inform Plaintiffs that the tip credit will not apply to Plaintiffs unless Plaintiffs receive notice of Defendants' obligations under the tip credit.

57. Because Defendants did not properly inform Plaintiffs that Defendants take a tip credit against their minimum and overtime wage obligations, Defendants cannot claim a tip credit and must pay Plaintiffs the full minimum wage and correct overtime rate wage for the hours Plaintiffs work.

58. Defendants knew or should have known their failure to provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations violated the FLSA.

59. In addition to servers and server shift leads, Defendants also employ food and drink runners.

60. Defendants employ food runners to bring food from the kitchen to customers' tables.

61. Food runners do not take customers' food or drink orders.

62. Food runners do not customarily and regularly receive tips.

63. Food runners are not tipped employees

64. Drink runners bring drinks to customers' tables and clean or "bus" tables.

65. Drink runners do not take customers' food or drink orders.

66. Drink runners do not customarily and regularly receive tips.

67. Drink runners are not tipped employees.

68. Defendants require Plaintiffs to "pool" a portion of the tips they earn each shift into a collective sum, which Defendants then distribute to employees other than Plaintiffs.

69. This practice is referred to as "tip pooling" or a "tip pool."

70. Defendants require Plaintiffs to participate in tip pools in which a portion of the pooled tips are distributed to food runners and/or drink runners.

71. Defendants require Plaintiffs to give a portion of their tips to non-tipped employees.

72. Defendants do not permit Plaintiffs to retain all of their tips.

73. Defendants are not permitted to take a tip credit against their obligations to pay Plaintiffs the minimum wage because they do not permit Plaintiffs to retain all of their tips.

74. Defendants must pay Plaintiffs the FLSA mandated minimum wage of $7.25 per hour for all hours worked.

75. Defendants pay servers a subminimum direct wage of $2.13 per hour for all hours worked up to 40.

76. Defendants claim a tip credit of $5.12 per hour against their obligation to pay servers the minimum wage.

77. Defendants pay server shift leads a subminimum direct wage of $6.00 per hour for all hours worked up to 40.

78. Defendants claim a tip credit of $1.25 per hour against their obligation to pay server shift leads the minimum wage.

79. Defendants impermissibly claim a tip credit against their obligations to pay servers and shift leads, including Plaintiffs, the minimum wage.

80. Defendants fail to pay Plaintiffs the minimum wage for all hours worked.

81. Defendants knew or should have known that their conduct in continuing to claim a tip credit against their minimum wage obligations as to Plaintiffs despite requiring Plaintiffs to participate in an impermissible tip pool and failing to pay Plaintiffs the minimum wage violated the FLSA.

82. In addition to improperly distributing Plaintiff's tips, Defendants require Plaintiffs to perform non-tipped work in addition to the Plaintiffs' tipped work.

83. The additional non-tipped worked Defendants require Plaintiffs to perform is commonly referred to as "side work."

84. Among other duties, Defendants require Plaintiffs to retrieve silverware from the dishwashers and polish it.

85. Defendants require Plaintiffs to take cleaned and polished silverware and roll it into prepared "set-ups" to be used by service staff working the next shift.

86. Defendants require Plaintiffs to thoroughly clean each customer bay in an assigned section including picking up trash, clearing dishes from the tables, and sweeping the bay floor.

87. Defendants generally require servers and server shift leads to perform their side work either after all an individual server's customers have left the Topgolf location, or after the Topgolf location has closed, and all customers have left.

88. Plaintiffs are not waiting on customers while performing their side work, and therefore do not have the opportunity to earn tips while performing their side work.

89. Although Plaintiffs are performing non-tipped work while performing their side work, Defendants claim a tip credit for the hours Plaintiffs work performing their side work and pay Plaintiffs a subminimum wage.

90. Servers are paid a subminimum wage of $2.13 per hour for the hours they spend performing side work.

91. Server shift leads are paid a subminimum wage of $6.00 per hour for the hours they spend performing side work.

92. Defendants failed to pay Plaintiffs the minimum wage for all hours worked because they claimed a tip credit for and paid Plaintiffs subminimum wages for the hours in which Plaintiffs performing non-tipped work.

93. Defendants knew or should have known failing to pay plaintiffs the minimum wage for non-tipped work that is unrelated to Plaintiffs' tipped occupation violated the FLSA.

## CAUSE OF ACTION

*Count 1: Defendants Willfully, and Without Good Faith, Failed to Pay Plaintiffs the Minimum Wage Mandated by the FLSA.*

94. Based on the above facts, Defendants have acted in violation of the FLSA in connection with their failure to pay Plaintiffs the minimum wage. *See* 29 U.S.C. § 206.

95. Plaintiffs are not exempt from the minimum wage requirements of the FLSA.

96. Defendants claim a tip credit against their federal minimum wage obligations with respect to Plaintiffs and pay Plaintiffs subminimum direct hourly wages.

97. Defendants are barred from claiming a tip credit against their obligations to pay Plaintiffs the minimum wage because Defendants fail to provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations.

98. Defendants are further barred from claiming a tip credit against their obligations to pay Plaintiffs the minimum wage because Defendants require Plaintiffs to participate in a tip pool that includes non-tipped employees, and therefore fail to permit Plaintiffs to keep all their tips.

99. Because Defendants cannot legally claim a tip credit, Defendants must pay Plaintiffs at least $7.25 per hour for all hours worked.

100. Defendants do not pay Plaintiffs at least $7.25 per hour for all hours worked and instead pay Plaintiffs subminimum hourly wages.

101. Defendants did not pay Plaintiffs at least $7.25 per hour for all hours in which Plaintiffs perform non-tipped work unrelated to their tipped work.

102. Defendants did not pay Plaintiffs the minimum wage mandated by the FLSA for all hours worked.

103. Defendants' failure to comply with the minimum wage requirements of the FLSA resulted in Plaintiffs being paid less than the federal minimum wage rate in some or all of the weeks during which Plaintiffs were employed by Defendants.

104. Defendants knew their conduct violated the FLSA or showed reckless disregard as to whether their conduct violated the FLSA.

105. Defendants' failure to pay the minimum wage to Plaintiffs in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

106. Defendants are each liable, severally and jointly, to Plaintiffs for failing to pay Plaintiffs minimum wages in accordance with the Fair Labor Standards Act.

## JURY DEMAND

107. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

108. Plaintiffs request that the Court approve publication of notice of this collective action to all individuals similarly situated to Plaintiffs with respect to Defendants violations of the FLSA informing those individuals of their right to join this action.

109. Based on the facts alleged in this complaint, Plaintiffs further respectfully request that judgment be entered in their favor awarding them:

   a. A declaration that Defendants violations of the FLSA are willful;

   b. All unpaid minimum wages for a period of three years preceding the date this complaint was filed;

   c. All tips Defendants denied Plaintiffs;

   d. Liquidated damages in an amount equal to Plaintiffs unpaid minimum wages and tips;

   e. Reasonable attorney's fees, costs, and expenses of this action;

   f. All other relief to which Plaintiffs are entitled or that justice requires.

Respectfully submitted: January 29, 2025.

[*Signature on the following page.*]

*/s/ Andrew Y. Coffman*
**Andrew Y. Coffman**
Georgia Bar No. 173115
acoffman@pcwlawfirm.com
**Evan P. Drew**
Georgia Bar No. 747993
edrew@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
1335 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404-873-8000

*Counsel for Plaintiff*